IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILLIP B. KRIEGE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HAWAIʻI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>Defendants. | Case No. 19-cv-0434-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT IN PART WITHOUT LEAVE TO AMEND; AND (3) DIRECTING SERVICE OF THE COMPLAINT IN PART**[1] |

On July 18, 2019, Plaintiff Phillip B. Kriege, proceeding pro se, filed a Complaint against the Hawaiʻi Community Correctional Center (HCCC), as well as various officials and Jane/John Does. Dkt. No. 1. Kriege also filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 2. Although the events alleged in the Complaint took place entirely in Hawaiʻi, Kriege filed the foregoing documents with the U.S. District Court for the Southern District of California. As a result, on August 12, 2019, this case was transferred

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

to this District in Hawaiʻi. The Court now reviews Kriege's IFP Application and screens the Complaint.

## I. **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Kriege has made the required showing under Section 1915(a). In the IFP Application, Kriege states that he was released from HCCC after 59 days incarceration, he sustained serious injuries at HCCC, which have prevented him from working, and he therefore has no take-home pay or other income in the last 12 months.[3] Further, Kriege states that he has $23 in a checking or savings account and owns an old Ford Ranger pick-up truck with little apparent value. Further, Kriege states that he has no regular monthly expenses, dependents, or any

---

[3]Somewhat confusingly, Kriege also states that he *has* received business, profession, or other self-employment income in the last 12 months. But since he states that his overall take-home pay during that time period is $0, that is the number the court uses for purposes of its IFP review.

2

debts. In light of these figures, Kriege's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Kriege has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II. Screening the Complaint

The Court liberally construes the pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the Complaint, Kriege makes a wide variety of allegations, both in specifically designated causes of action and in areas of the Complaint that are not so designated. The Court begins with the specifically designated causes of action. First, Kriege alleges that, on June 21, 2019, while he was incarcerated at HCCC, he was "brutally and sexually assaulted and violently attacked" by a fellow inmate, Nathanl Dossey. Kriege alleges that 30 other inmates heard his and Dossey's

voices and the presiding adult probation officer could hear the violent attack.[4] Kriege alleges that no attempt was made to aid or protect him. Second, Kriege alleges that, on June 23, 2019, Dossey once again violently attacked him and also tried to perform a sexual act on him. Kriege alleges that this attack was "heard by all[,]" but, as before, no attempt was made by an adult correctional officer to protect him. Third, Kriege alleges that, on June 24, 2019, Dossey sexually attacked him for a third time. Kriege alleges that this attack was "[e]ven louder and more violent" and resulted in serious bodily injuries. Kriege alleges that, after 10 minutes, Officers A. Carrira and Choy removed Dossey from the cell. Fourth, Kriege alleges that he visited a nurse and disclosed the foregoing attacks, with the attacks being entered on the nurse's computer.[5]

Fifth, Kriege alleges that, on June 26, 2019, Officer Matsu slammed a hallway door while on patrol at HCCC. Kriege then kicked the same door, which resulted in Matsu screaming at Kriege as to why the door was kicked. Kriege alleges that he told Matsu that he kicked the door because Matsu had slammed it, something which Matsu did "every night to wake us all up." Matsu then struck Kriege with his fist and said "shut up you stupid punk hoale."

---

[4]Kriege does not identify the adult probation officer.
[5]Kriege alleges that this visit to the nurse occurred on June 2, 2019, but, given that June 2 is *prior to* the dates on which the attacks are alleged to have occurred, Kriege may mean that he visited the nurse on *July* 2, 2019.

4

Sixth, Kriege alleges that he was verbally abused and harassed by Sergeant Yoshita who forced Kriege to fill out and write a report about Dossey's assaults.[6] Kriege alleges that Yoshita "became indifferent and showed no concern" about Kriege.

Seventh, Kriege alleges that, on July 2, 2019, while in his cell, he fell from the upper bunk and slipped on water that was always leaking from a sink. Kriege alleges that, due to there being no working hallway light, he struck his chest on the edge of the sink, an impact that cracked his sternum. Kriege alleges that he promptly reported his chest injury to a HCCC nurse, and he reported to a nurse on July 4 after two days of extreme pain. Kriege alleges that, from July 2 to July 9, 2019, he was denied any and all medical treatment.[7]

Finally, in a part of the Complaint that is not specifically designated a cause of action, Kriege makes the following additional allegations and/or arguments. Kriege asserts that a plea he made in a criminal case on July 5, 2019 was made under "physical pain, extreme emotional and physical stress and suffrage; by state actors suborning perjury, [his] plea was made with the full weight of duress." Kriege further states that "[t]here is no PETER[,]" his "agreement" is null and void

---

[6] Kriege alleges that this incident with Yoshita also occurred on June 2, 2019. Again, given that this is *prior to* the dates of the alleged assaults, Kriege may mean *July* 2, 2019.
[7] Kriege appears to allege that he was released from HCCC on July 9, 2019.

5

on its face, and he "vacates" any and all agreements.   Kriege further appears to accuse unidentified district attorneys of being malicious and Melvin H. Fujino and Margaret Masunagu, who he alleges are judicial officers, of abuse of power.

As for the latter section of allegations/arguments, the Court will not allow the Complaint to proceed.  With respect to the contention that Kriege's plea agreement is null and void, Kriege cannot attack his plea in this civil case.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (holding that, in order for a plaintiff to recover damages for an allegedly unconstitutional conviction or imprisonment, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been, *inter alia*, reversed on direct appeal or called into question by the issuance of a writ of habeas corpus).   Given that the exhibits Kriege attaches to the Complaint reflect that deferred acceptance of his no-contest plea was only entered in state court on July 5, 2019, *see* Dkt. No. 1-6 at 3-4, and Kriege does not state that his no-contest plea has been appealed, reversed, or otherwise called into question by the issuance of a writ of habeas corpus,[8] there is no basis for this Court to hear (or allow amendment of) any claim related thereto.   *See Heck*, 512 U.S. at 487 n.8 (noting that abstention may be appropriate).   As for any claims

---

[8]The Court notes that Kriege does not allege that such proceedings have even been initiated.

against "judicial officers," such individuals enjoy absolute immunity for their roles in judicial proceedings. *Engebretson v. Mahoney*, 724 F.3d 1034, 1038 n.2 (9th Cir. 2013). Here, Kriege merely conclusorily asserts that judicial officers "[a]buse[d]" their power by disregarding Kriege's presumption of innocence. This assertion does not remove any claim Kriege may be asserting against the judicial officers from the realm of absolute immunity. *See id*. As for any claims against district attorneys, to the extent Kriege is challenging his prosecution or the manner of the same, any such claims are also barred. *Imbler v. Pachtman*, 424 U.S. 409, 416, 431 (1976) (holding that a prosecutor is immune from civil suit under Section 1983 "in initiating a prosecution and in presenting the State's case," including knowingly using alleged perjured testimony). Finally in this regard, the Court notes that Kriege appears to assert that he should have been released on July 5, 2019, but was not released until July 9, 2019. To the extent Kriege makes this assertion to challenge his no-contest plea, which it very much appears he is, again, that is not a matter for this Court to opine upon in the first instance. If, however, Kriege makes this assertion in connection with his claim that he did not receive medical treatment for an injury he allegedly suffered, any such claim will be treated as part of the Complaint's seventh cause of action, which is included in the discussion *infra*.

This leaves the causes of action that Kriege expressly designates as such. Having reviewed the Complaint, the Court determines that those claims–specifically, the claims designated as causes of action one through seven in the Complaint–should proceed beyond screening so that the record can be more fully developed. That being said, it is necessary to make at least one thing clear. Many of Kriege's causes of action fail to identify, by name, an individual who engaged in the alleged wrong. For instance, causes of action one, two, four, and seven do not name any prison official who engaged in the alleged conduct. Instead, Kriege merely mentions a "nurse" and "presiding" prison guards. The failure to name any alleged wrongdoer is a deficiency in the Complaint that will need to be amended, on the timeline set forth below, or the relevant cause of action will have to be dismissed.

## III. Service

In light of the foregoing discussion, the Clerk of Court is DIRECTED to serve the Complaint according to the following instructions:

(1) The Clerk shall send the U.S. Marshal a copy of this Order, the Complaint, and one completed summons for each of Defendants Officer A. Carrira, Officer Choy, Officer Matsu, and Sergeant Yoshita. The U.S. Marshal shall open a file and retain these documents for use in the

event that the above-named Defendants decline to waive service of the summons.

(2) The Clerk shall provide by electronic means to Hawaiʻi Department of Public Safety ("DPS") liaisons Shelley Harrington, Esq., and Laurie Nadamoto, Esq., a copy of the following for each of the above-named Defendants: the Complaint, a completed Notice of Lawsuit and Request for Waiver of Service of Summons form, and two completed Waiver of Service of Summons forms addressed to the relevant Defendant.

(3) The above-named Defendants shall have 30 days after the request for waiver of service of summons is sent to return the waiver to the U.S. Marshal, who shall file the waiver with the court. If any of the above-named Defendants fail to return the waiver within that time, the U.S. Marshal shall NOTIFY THE COURT forthwith. After the filing of any such notice, the U.S. Marshal shall then personally serve the summons and complaint on each of the above-named Defendants who have failed to return a waiver. Any Defendant that is personally served in this manner shall be required to pay the costs of personal service.

(4) The above-named Defendants shall respond to the Complaint within 60 days if formal service of the summons is waived or 45 days if not waived.

(5) After the above-named Defendants have responded to the Complaint, Plaintiff's documents will be deemed served on any Defendant(s) or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system. The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

(6) The Clerk shall also serve a copy of this Order on Kriege and DPS Litigation Coordinators Nadamoto and Harrington.

(7) Kriege shall notify the court within one week of any change to his mailing address. This notice shall contain only information about the change of address and its effective date and shall not include other requests for relief. Failure to file such notice may result in the dismissal of this action for failure to prosecute under Fed.R.Civ.P. 41(b).

## IV. <u>Early Discovery</u>

As discussed *supra*, many of the causes of action in the Complaint do not identify by name the alleged wrongdoer(s). In an attempt to ameliorate this deficiency in the Complaint, Kriege may have sixty (60) days from entry of this

Order to use discovery to identify the individuals who allegedly committed the acts set forth in the Complaint and, in particular, the acts alleged in causes of action one, two, four, and seven.[9] Within sixty days of entry of this Order, Kriege shall file either (A) an amended complaint naming the currently unidentified individuals who allegedly committed the acts set forth in the Complaint, or (B) a written update directed to U.S. Magistrate Judge Kenneth Mansfield, informing as to the status of his attempts to identify the foregoing individuals and why, if necessary, he should be entitled to further time to discover their identity or identities. **Should Kriege fail to timely file one of the foregoing documents, then causes of action one, two, four, and seven will be dismissed.**

V. **Conclusion**

Kriege's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. As set forth herein, (1) the Complaint, Dkt. No. 1, is DISMISSED

//

//

//

---

[9]The Court notes that the foregoing discovery shall not prejudice any party's right to conduct any other discovery in this case to which they are entitled under the Federal Rules of Civil Procedure.

WITH PREJUDICE IN PART without leave to amend and (2) the Clerk is DIRECTED TO SERVE the Complaint in accordance with the terms of this Order.

IT IS SO ORDERED.

Dated: September 4, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*Phillip B. Kriege, et al. v. Hawai'i Community Correctional Center, et al.,*
Civil No. 19-00434 DKW KJM; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT IN PART WITHOUT LEAVE TO AMEND; AND (3) DIRECTING SERVICE OF THE COMPLAINT IN PART**