IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILLIP B. KRIEGE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HAWAIʻI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>Defendants. | Case No. 19-cv-0434-DKW-KJM<br><br>**ORDER DENYING REQUEST TO ORDER STATE ESTOPPEL**[1] |

On February 10, 2020, Plaintiff Phillip B. Kriege, proceeding pro se, filed a "Request to Order State Estoppel," in which he appears to ask this Court to assume jurisdiction over his pending state probation revocation proceeding and/or a pending state court proceeding in which he is attempting to vacate a no-contest plea. Dkt. No. 44. Kriege's "Request" is DENIED for the following reasons.

First, if Kriege's probation revocation proceeding is currently pending in state court, he cannot undermine that proceeding here. *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971) (precluding federal courts from enjoining the enforcement of

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

state criminal statutes in ongoing state criminal proceedings absent extraordinary circumstances). Moreover, Kriege's challenges here to the purported revocation of his probation–essentially, Kriege's assertion that he has missed only one appointment with probation rather than the two misses needed to revoke his probation–can be more than easily raised before a state court. *Cf. Almodovar v. Reiner*, 832 F.2d 1138, 1141-42 (9th Cir. 1987) (concluding that the plaintiffs' probation was not a pending criminal action for *Younger* purposes because the plaintiffs could not raise their constitutional challenges to the relevant state criminal statute in the probation proceeding).[2]

Second, if Kriege's probation has already been revoked, then he is barred from pursuing any federal review of the same by way of either (1) a habeas proceeding, until he has exhausted his state remedies, *see* 28 U.S.C. §2254(b)(1)(A), or (2) a civil lawsuit for damages, until the revocation has been reversed on direct appeal or called into question by the issuance of a writ of habeas corpus, *see Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Finally, the Court observes that, in the "Request to Order State Estoppel," Kriege again appears to challenge a no-contest plea he entered in a state criminal

---

[2]The Court adds that Kriege does not raise a *constitutional* challenge to the purported revocation of his probation. Instead, he merely asks this Court to determine whether his probation should be revoked–a matter that can be easily addressed by the state court.

proceeding. In addition, Kriege appears to believe that the vacatur of said plea is under review in this case and/or his state criminal proceeding should be considered properly removed to this Court. As the Court explained in a prior order, however, Kriege cannot use this proceeding to challenge his no-contest plea. *See* 9/4/19 Order at 5-7, Dkt. No. 10.[3] Instead, the *only* claims at issue in this case are those concerning the alleged conditions of Kriege's confinement at Hawai'i Community Correctional Center. *See id*. at 3-5, 8. So it is clear, going forward, Kriege should not use the vehicle of *this* lawsuit to make claims that this Court has now repeatedly told him are not a proper subject of this case.

IT IS SO ORDERED.

Dated: February 19, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Phillip B. Kriege, et al., v. Hawaii Community Correctional Center, et al; Civil No. 19-00434 DKW-KJM; **ORDER DENYING REQUEST TO ORDER STATE ESTOPPEL**

---

[3]Also, contrary to Kriege's assertions, he cannot use the removal statute to bring his *criminal* proceedings before this Court. *See* 28 U.S.C. § 1441(a) (providing that *civil* actions may be removed from state to federal court).

3