IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PHILLIP B. KRIEGE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HAWAII COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>　　　　Defendants. | Case No. 19-cv-00434-DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Defendants Albert Carreira, Dayton Yoshida, and Lindo Matsu IV move for summary judgment, arguing undisputed facts show that Carreira did not participate in the events as alleged in the Complaint and Yoshida did not violate Plaintiff Phillip Kriege's constitutional rights as alleged. The Court agrees. Notably, Kriege fails to properly contest any of the facts set forth in Defendants' concise statement of facts and, furthermore, the evidence Defendants submit supports their argument that neither Carreira nor Yoshida violated Kriege's constitutional rights. Therefore, as more fully set forth below, the motion for summary judgment, Dkt. No. 99, is GRANTED.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

In addition, because Kriege is proceeding pro se, the Court liberally construes the briefing he has submitted. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## RELEVANT PROCEDURAL BACKGROUND

On July 18, 2019, Kriege, proceeding pro se, filed a Complaint against the Hawai'i Community Correctional Center (HCCC), as well as various officials and Jane/John Does. Dkt. No. 1. Kriege also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. On September 4, 2019, after transfer of the Complaint from a federal court in California, this Court granted Kriege's

IFP Application and screened the Complaint under 28 U.S.C. Section 1915 ("September 4, 2019 Order"). Dkt. No. 10. Among other things, the Court dismissed claims challenging a plea agreement Kriege allegedly executed and claims asserted against judicial officers and/or district attorneys. *Id*. at 6-7. The Court, however, allowed Claims One through Seven of the Complaint to proceed. *Id*. at 8. In doing so, the Court forewarned Kriege that Claims One, Two, Four, and Seven failed to identify any wrongdoer for the acts allegedly committed, and instructed him, within 60 days, to either file an amended complaint naming the alleged wrongdoer(s) or file a written statement explaining the steps he had taken to identify the same. *Id*. at 8, 10-11. The Court stated that failure to do either of the foregoing would result in dismissal of the deficient claims. *Id*. at 11.

On December 11, 2019, Kriege mailed a "Notice of Compliance" to the Court, in which he appears to assert that he "compli[ed]" with the instructions in the September 4, 2019 Order by propounding discovery requests on Defendants. Presumably, those discovery requests were intended to ferret out the identities that were absent from the specific claims identified in the Order. *See* Dkt. No. 42.

On September 1, 2021, Defendants Carreira, Yoshida, and Matsu (collectively, "Moving Defendants") filed the instant motion for summary ("motion") and a separate concise statement of material facts. Dkt. Nos. 99-100.

The Moving Defendants also filed a Notice and Warning to Pro Se Prisoner Pursuant to Local Rule 99.56.2.  Dkt. No. 101.

The Court set the motion for summary judgment for hearing on October 8, 2021, Dkt. No. 102, which, pursuant to Local Rule 7.2, meant that an opposition to the same was due by September 17, 2021.  On September 23, 2021, Kriege filed a "Request to Deny Defendants Motion for Summary Judgment[,]" Dkt. No. 103, which the Court construes as Kriege's tardy opposition to the motion.  After extending the time for Defendants to file a reply, Dkt. No. 105, Defendants did so on October 1, 2021, Dkt. No. 106.  Having reviewed the various briefing, the Court then opted to vacate the October 8, 2021 hearing (Dkt. No. 107), and this Order now follows.

## DISCUSSION

The Moving Defendants seek dismissal and/or summary judgment with respect to: (1) Claims One, Two, Four, and Seven because Kriege has failed to identify any alleged wrongdoer, despite having had two years to do so; (2) Claim Three against Carreira because Carreira did not personally participate in any of the alleged events and, even if he had, there is no evidence that Kriege's constitutional rights were violated; and (3) Claim 6 against Yoshida because Yoshida did not violate Kriege's constitutional rights in asking him to re-write a statement/report

regarding an alleged sexual assault Kriege suffered.[1]   The Court addresses each argument in turn.

1. **Claims One, Two, Four, and Seven**

The Moving Defendants argue that these claims should be dismissed because, despite this Court's instructions in the September 4, 2019 Order, Kriege has failed to identify any wrongdoer for the conduct alleged in the claims.   Dkt. No. 99-1 at 6.   The Court does not disagree.   Nor, apparently, does Kriege, given that, in his opposition or, for that matter, anywhere in the record, he fails to address why these claims still have not been amended to identify a named defendant or defendants.   *See generally* Dkt. No. 103.[2]   Therefore, because Kriege has been warned of the need to identify defendants for Claims One, Two, Four, and Seven, and has failed to heed that warning more than two years into this litigation, the Court GRANTS the motion to the extent that Claims One, Two, Four, and Seven are dismissed without prejudice for failure to follow the September 4, 2019 Order. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).[3]

---

[1] The Moving Defendants do not seek dismissal or summary judgment of Claim Three to the extent it is alleged against Defendant Officer Choy or Claim Five against Officer Matsu.
[2] Kriege's only statement in the record in this regard is his "Notice of Compliance."   However, the fact that Kriege may have propounded discovery at the start of this case does not explain two years later why no defendant has been identified with respect to Claims One, Two, Four, and Seven.
[3] Before dismissing such claims, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

## 2. Claim Three Against Carreira

The Moving Defendants argue, *inter alia*, that Carreira is entitled to summary judgment on this claim for the simple reason that he was not present for the acts alleged in the Complaint. Dkt. No. 99-1 at 6-7. The undisputed evidence supports this account.

In brief summary, in the Complaint, Kriege alleged, with respect to Claim Three, that, on June 24, 2019, while detained in the Komohana section of the Hawaiʻi Community Correctional Center ("HCCC"), he was sexually assaulted by a fellow inmate named Dossey. Dkt. No. 1 at 4.[4] Kriege further alleged that, after 10 minutes, Carreira and Defendant Choy removed Dossey to a different cell. *Id*.

In connection with the motion, however, Carreira has submitted a declaration stating that, from April 21, 2019 through July 13, 2019, he was assigned to the Punahele section of HCCC, not the Komohana section. Decl. of Albert Carreira at ¶ 3, Dkt. No. 100-3. Carreira further states that he had no

---

defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642. Having done so, the Court concludes that, except for the final factor, all factors favor dismissal, given the amount of time Kriege has had to comply with the September 4, 2019 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits)
[4] In citing to the Complaint, the Court references the page numbers created by the CM/ECF system in the top-right corner of the document, *i.e.*, "Page 4 of 13."

contact with Kriege until after Kriege was re-assigned to the Punahele section following his alleged assault. *Id*. at ¶ 9. The Moving Defendants have also submitted the "Post Assignment Master Sheet" for HCCC, which, Carreira explains, also shows that he was not assigned to the Komohana section on the date in question. *See id*. at ¶¶ 4-7, *cross-referencing* Dkt. No. 100-5 at 3. In addition to this evidence, the Moving Defendants have submitted testimony from Kriege's deposition. Therein, Kriege admits that he cannot recall whether Carreira was present for the assault on June 24, 2019. Depo. of Phillip Kriege at 58:15-59:23, Dkt. No. 100-8. Even construing this testimony in the light most favorable to Kriege, it is not possible to create a disputed issue of fact as to whether Carreira was present for the assault alleged in Claim Three.

Further, in his opposition, Kriege presents no other meaningful challenge to granting Carreira summary judgment on this claim. Instead, Kriege asserts that there is evidence that he suffered serious injuries and was assaulted and that there are disputed facts as to whether the "Defendants" failed to address his serious injuries or provide medical care. Dkt. No. 103 at 3, 5.[5] Like many of Kriege's allegations and arguments, though, none of those contentions are specific to

---

[5] In citing to Kriege's opposition, the Court references the page numbers created by the CM/ECF system in the top-right corner of the document, *i.e.*, "Page 3 of 6."

Carreira or the evidence submitted by the Moving Defendants. Therefore, because Kriege has failed to create any disputed fact as to whether Carreira was present for the events alleged in Claim Three, *see* Fed.R.Civ.P. 56(c)(1)(A), the motion is GRANTED to the extent that Carreira is entitled to summary judgment with respect to Claim Three.

3. **Claim Six**

The Moving Defendants argue that Yoshida is entitled to summary judgment on Claim Six because the evidence does not show that he violated Kriege's constitutional rights. Dkt. No. 99-1 at 10-11. More specifically, the Moving Defendants argue that the evidence shows Yoshida asked Kriege to re-write a statement so that HCCC could investigate his claim of assault. Yoshida did not yell or insult Kriege, and Yoshida transferred Kriege to a different cell where Kriege had no further encounters with Dossey. *Id*. Each of these statements is supported by the Moving Defendants' evidence.

In the Complaint, with respect to Claim Six, Kriege alleged that he was "verbally abused" and "harassed" by Yoshida who "forced" Kriege to write a report of three sexual assaults he allegedly suffered. Dkt. No. 1 at 5. Kriege further alleged that Yoshida "became indifferent and showed no concern" for him. *Id*.

Like Carreira, however, in support of the motion, Yoshida has submitted a declaration. Therein, Yoshida states that he asked Kriege to re-write his statement because the initial version did not provide sufficient detail about the alleged incidents and told him he would need to provide "as much of the missing details as he could." Decl. of Dayton Yoshida at ¶¶ 6-7, Dkt. No. 100-4. Yoshida did this because an investigation had been started into Kriege's allegations of sexual assault, and the initial statement from Kriege was inadequate to allow a meaningful investigation. *Id.* at ¶¶ 3-4, 6-7. Yoshida also states that he did not yell at or insult Kriege, and he did not force Kriege to write a statement. *Id*. at ¶ 11-13. The Moving Defendants have also submitted Kriege's deposition testimony in this regard. Therein, Kriege acknowledges that this claim is premised upon his belief that Yoshida did not display sufficient concern or seriousness about his allegations of sexual assault and Yoshida telling Kriege that he could not go anywhere until he produced a satisfactory statement. Kriege Depo. at 91:20-92:93:24.

These facts do not come close to supporting a claim that Kriege's constitutional rights were violated by Yoshida.[6] As a pretrial detainee, to state a

---

[6]The Court notes that, in the Complaint, Kriege does not identify the statutory or constitutional basis for any of his claims, including Claim Six against Yoshida. *See* Dkt. No. 1 at 5. Nonetheless, liberally construing the Complaint, in light of the apparent allegations that Kriege was detained at HCCC *prior* to him pleading guilty to an offense in State court, the Court

deliberate indifference claim, Kriege must show: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;" (2) "those conditions put the plaintiff at substantial risk of suffering serious harm;" (3) "the defendant did not take reasonable available measures to abate that risk…;" and (4) "by not taking such measures, the defendant caused the plaintiff's injuries."  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).   Here, at most, the evidence merely shows that Yoshida may have hurt Kriege's feelings in the manner in which Yoshida asked him to re-write his statement and/or in the manner in which Yoshida spoke and acted toward Kriege generally.   As the Moving Defendants contend, however, that alone does not support an alleged constitutional violation.  *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("verbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (quotation and citation omitted).   Moreover, the evidence here shows that there was a good reason Yoshida asked for Kriege to re-write his statement: to help Kriege pursue his allegations of sexual assault.   Finally, as with Claim Three against Carreira, in his

---

assumes that Claim Six asserts a pretrial detainee claim against Yoshida under 42 U.S.C. Section 1983 for deliberate indifference.

opposition, Kriege fails to make any argument, or point to any evidence, specific to Yoshida.[7]

Thus, on these facts, it cannot be found that Yoshida violated any constitutional right of Kriege and, therefore, the motion is GRANTED with respect to Claim Six.[8]

## CONCLUSION

For the reasons set forth herein, the Court GRANTS the Motion for Summary Judgment, Dkt. No. 99.

This case shall proceed on Claim Three against Defendant Choy and Claim Five against Defendant Matsu. That being said, the Court observes that, with respect to Defendant Choy, the record reflects service was returned unexecuted because the Department of Public Safety (DPS) "does not know who the defendant

---

[7]The Court notes that, in his opposition, Kriege appears to make two *general* observations. First, he contends that the Moving Defendants "failed to properly serve" the motion. Dkt. No. 103 at 1, 4. The record, however, reflects that the Moving Defendants served the motion on Kriege by mail to his address of record. *See* Dkt. No. 99-2. This was entirely proper. *See* Fed.R.Civ.P. 5(b)(2)(C) (providing that a written motion may be served by "mailing it to the person's last known address−in which event service is complete upon mailing[.]"). Second, Kriege requests "further guidance regarding the requirements" of Federal Rule of Civil Procedure 56 and Local Rule 56.1. Dkt. No. 103 at 2 (quotation omitted). He fails to identify, however, any specific guidance that he seeks and, thus, the Court takes no further action on this amorphous request.

[8]The facts here also do not support any potential claim that Yoshida was deliberately indifferent to Kriege in failing to protect him from the alleged sexual assaults. Notably, there is no evidence that Yoshida was aware of a risk to Kriege prior to the sexual assaults taking place or even allegation that Yoshida did not stop the alleged assaults when he should have.

is…." Dkt. No. 26.[9] As a result, because Kriege has failed to serve Defendant Choy within 90 days of filing the Complaint, *see* Fed.R.Civ.P. 4(m) (Rule 4(m)), and has never sought an extension to serve him/her for more than two years, pursuant to Rule 4(m), the Court hereby provides notice to Kriege that, should he fail to serve Defendant Choy within seven (7) days of this Order, the Complaint shall be dismissed without prejudice as to Defendant Choy.

IT IS SO ORDERED.

DATED: October 15, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Phillip B. Kriege, et al v. Hawaii Community Correctional Center, et al; Civil No. 19-00434 DKW-KJM; **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

[9]The Court notes that, at no point in this case, does it appear the first name of Defendant Choy has been provided.